EAGLE COAL & MINING COMPANY, Appellant, v. T. N. HAZEN et al., Appellees.

**CONTRACTS:** Certainty as to Subject-Matter. A contract for the sale of coal wholly indefinite as to duration or price is too uncertain to afford a proper basis for damages.

*Appeal from Des Moines Municipal Court.*—O. S. FRANK-
LIN, Judge.

NOVEMBER 22, 1919.

ACTION by plaintiff to recover on account of coal sold
to the defendants, in the sum of $189.87. The defendant
filed a counterclaim, asking damages for breach of contract
to furnish coal. Trial to a jury, and verdict and judgment
for the defendant for $203.33. The plaintiff appeals.—*Re-
versed.*

*Nieman & Nieman,* for appellant.

*Wm. G. Clark,* and *F. L. Groesbeck,* for appellees.

PRESTON, J.—The defendants are the same, the com-
pany being the trade name used by the defendant Hazen.
Plaintiff's claim seems not to be disputed, and the trial
court instructed the jury to return a verdict for plaintiff
for the full amount of its claim, unless defendant should be
entitled to recover on the counterclaim. The contract, if
there was one, was between plaintiff and one Heddleson,
and defendant alleges that the same was assigned orally
to the defendant, as a part of the business and good will of
the said Grandview Coal & Feed Company, which was pur-
chased by defendant Hazen from Heddleson, about Decem-
ber 1, 1916. The contract is stated in the counterclaim
thus:

About the first day of December, 1916, the plaintiff cor-
poration entered into an oral contract with the defendant,
by the terms of which the plaintiff agreed to furnish to the
defendant and supply him, the said defendant, with all of
the coal which the defendant might or could sell or take
orders for, during the fall of 1916 and the winter and spring
of 1917; and the defendant, then being engaged in the re-
tail coal business, was to purchase his coal of the plain-
tiff company. The counterclaim further states that the said

defendant carried out all of the agreements by him made, and was able to and did acquire a large and extensive trade and sale for the plaintiff's coal; that thereafter, to wit, on or about the 1st day of January, 1917, the plaintiff herein failed, refused, and neglected to carry out the terms of its agreement with the defendant, as herein alleged, and refused, failed, and neglected to furnish this defendant sufficient coal to fill the orders taken by the defendant, and to supply the sales which the defendant had made; and, on account of the things herein alleged, the defendant T. N. Hazen was damaged in the sum of $975.

The reply or answer to defendant's counterclaim was in general denial. The jury was instructed that defendant must prove four propositions, before it could recover on the counterclaim: That there was an oral contract entered into between the plaintiff and one F. W. Heddleson, by the terms of which the plaintiff agreed to furnish said Heddleson and supply him with all of the coal which the said Heddleson might or could sell or take orders for, for an unlimited period of time, and that said oral contract was sold and assigned by said Heddleson to this defendant, substantially as set out in defendant's counterclaim; that plaintiff failed to perform its part of the contract, and refused and failed to deliver sufficient coal to defendant; that defendant was damaged in some amount; that defendant has performed all of its part of the contract.

The defendant's evidence is in harmony with the allegations of the counterclaim, except that it appears that there was a shortage in coal, during a part of the time, and that plaintiff cut defendant's allowance to a part of the quantity defendant had been using, and notified defendant that it could only furnish coal to 10 tons per day, and that it was so furnished for a time, and that this restriction on amount lasted until April, 1917. Defendant testifies that he attempted to minimize the damage by buying coal of others,

but was unable to secure other coal. In argument, appellee figures out the way in which it claims the jury arrived at the damages, thus: The last three days of operation, before the cut-down, Hazen sold 22 to 35 tons per day; Hazen's profit was $1.30 per ton, less $0.50, cost of delivery, or $0.80. The jury found for appellee (defendant), on his counterclaim for $203.33, adding plaintiff's claim sued on thereto, $189.97, which makes a total of $393.30 allowed appellee as his damage, to cover his loss from last of December to April, 1917, about 80 selling days. The loss of 6 tons of coal per day, at a profit of $0.80 would amount approximately to the sum allowed by the jury to appellee; or 10 tons per day for a period of 50 days would cover the loss allowed. It will be observed that the alleged contract sued on does not fix any price for the coal, nor is the quantity specified, nor the length of time the contract is to run, though it is alleged in the pleadings that the contract was that defendant would take coal; but appellant argues that the evidence does not show that such was the contract. It is argued by appellant that there was no mutuality in the contract, and that it was void because of indefiniteness, and that, because no time was fixed for the contract to run, it was terminable at the pleasure of either party, and that plaintiff terminated the contract by exercising his privilege before any damage had been done; that the alleged contract is not enforcible; that no limit was fixed as to the price which plaintiff might exact for the coal; that damages were not within the contemplation of the parties, and were too remote and speculative. Appellees' answer to these propositions is that some of them were not raised in the court below; and we think this is so. Heddleson testified that he understood that the contract was to run indefinitely, and that, whenever the price of coal was raised, defendant raised with it, and that plaintiff gave notice of the raise; and defendant Hazen testifies that he thought

the contract was to continue indefinitely, as did Mr. Heddleson. Heddleson also testified, in answer to a question as to whether plaintiff ever agreed with him to furnish any given amount of coal, that they agreed only to just fill his orders. Plaintiff denied making the contract, and its officers testify that they refused to make any arrangements to fill all his orders, and informed defendant that it would not make any binding arrangement; that they simply quoted prices to defendant at that time, subject to change; and that they were willing to furnish coal as long as the supply lasted. It does appear, however, that, as to the damages, the court instructed as follows:

"If you find that the defendant is entitled to recover, under the instructions heretofore given, then you will allow him such damages, if any, as you shall find from the evidence he has sustained, and the measure of said damages would be a fair and reasonable amount of profit he would have made on the orders which he did receive or *would* have received and was unable to fill by reason of the failure of the plaintiff to perform its part of the contract, but in no event can this amount exceed the sum of $975."

Plaintiff properly excepted to such instruction in the following language:

"The damages suffered by plaintiff by way of loss of profits, if any, in this case, as shown by evidence, are uncertain and speculative to such an extent that no recovery can be had therefor, upon the proofs introduced by the defendant in this case."

We think the exception is well taken. *Nicholls v. Wetmore,* 174 Iowa 132; *Hessenius v. Wetmore,* 36 S. D. 157 (153 N. W. 937); *Joliet Bottling Co. v. Joliet C. Brew. Co.,* 254 Ill. 215. In the *Nicholls* case, supra, we said:

"Finding, as we do, that there was no valid or enforcible contract by the plaintiff to purchase said cars, it follows that defendants have no right of recovery upon their

counterclaim; and, upon their own showing, plaintiff is entitled to recover the amount of his deposit, with inter-est."

Of course, there could be no damages flowing from the breach of an invalid contract. So long as plaintiff furnish-ed coal to the defendant under the arrangement, whatever it was, defendant would be required to pay for all coal so furnished. But that is not this case. Here, the defendant is asking to recover for a breach of contract for coal which was not delivered. We reach the conclusion that defend-ant was not entitled to recover on the counterclaim. The cause is, therefore, reversed. Plaintiff's claim being undis-puted, it is entitled to judgment for the full amount there-of, with interest. The cause is reversed and remanded, with directions to enter judgment for plaintiff for the amount of its claim.—*Reversed*.

Ladd, C. J., Evans and Salinger, JJ., concur.